### Black Mountain Bank v. Kelly.

(Decided February 12, 1926.)

Appeal from Harlan Circuit Court.

1. Banks and Banking—Bank May Receive Check on Itself as Deposit, Upon Such Conditions as May be Agreed to.—Bank to which check on itself is offered as deposit may accept or reject it, or receive it upon such conditions as may be agreed to.

2. Evidence—Bank Passbook in Nature of Receipt, and Parol Evidence Admissible to Explain or Contradict Entry Therein.—Entry

in a bank passbook is not a written contract within rule excluding parol evidence to vary its terms, but is in nature of a receipt, and merely prima facie evidence that amount credited was received by bank, and may be explained or contradicted.

3. Banks and Banking—Whether Check was Accepted as Deposit on Condition that Drawer Pay it Held for Jury.—Whether check on bank was accepted by it as a deposit, on condition that it should be charged back if not paid by drawer, held for jury..

SAMPSON & SAMPSON for appellant.

J. S. FORRESTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Reversing.

On August 2, 1923, the Standard Harlan Coal Company gave to appellee, A. Z. Kelly, a check for $590.19 in payment of its indebtedness to him. The check was drawn upon the appellant, Black Mountain Bank, with which appellee also did his banking business.   On August 4, appellee presented this check with two others to appellant for deposit and the aggregate of same was entered as a deposit in his passbook by the cashier.   The drawer at the time had no funds on deposit with the bank and the check was not entered on the bank's books either as a credit upon Kelly's account or a charge against the coal company.

Kelly admits that on August 31 he received the regular monthly statement from the bank and that this statement showed that he had not been credited on the books of the bank with this deposit, and that his account was then overdrawn in the sum of $248.24.   On September 27 the bank credited this deposit on appellee's account but at the same time charged against it the check for $590.19 which overdrew his account in the sum of $397.37, and these facts were shown in the monthly statement sent him for September.

On October 5 appellee drew a check on the bank for $192.00, which the bank declined to pay.  He then instituted this action to recover that amount which he claimed the bank owed him.  This the bank denied and by counterclaim sought to recover of him the $397.37 which appellant claimed he owed it.

The single question at issue was whether or not appellee was entitled to credit for the $590.19 check, *supra*.

At the close of the evidence the court directed a verdict for appellee and entered thereon a judgment in his favor against the bank for $192.00 and dismissed its counterclaim.

Appellee testified that the check for $590.19 was accepted and credited unconditionally upon his passbook. Upon the other hand, Mr. Huff, the cashier of the bank, testified that when the check was presented for deposit by appellee he informed him that the drawer was without funds to meet it and that same was credited upon appellee's passbook only upon agreement that if the drawer did not provide funds for the payment of the check it was to be charged back to appellee. In this he was fully corroborated by Mr. Glenn, the assistant cashier, who was present at the time.

The rule is thoroughly settled that when a check on itself is offered to a bank as a deposit, the bank has the option to accept or reject it or to receive it upon such conditions as may be agreed upon. Robinson & Son v. Bank of Pikeville, 146 Ky. 538, 142 S. W. 1065; First National Bank v. Sidebottom, 147 Ky. 690, 145 S. W. 404; Patton v. Catlettsburg National Bank, 200 Ky. 775, 255 S. W. 690; 7 C. J. 642.

It is also a well recognized rule that an entry in a passbook is not a written contract within the rule that parol evidence is inadmissible to vary its terms, but it is in the nature of a receipt and is *prima facie* evidence that the amount credited was received by the bank and the entries may be explained or contradicted. 3 R. C. L. 531.

The same rule is thus stated in Michie on Banks and Banking, page 910, upon authorities there cited: "Where there is an agreement that the credit may be charged off if the drawer of the check fails to pay the same, the bank may charge the credit to the payee's account."

As there was evidence to support appellant's contention that the check was accepted and credited upon appellee's passbook upon the condition that same should be charged back if not paid by the drawer, and this was denied by appellee, it is clear that the trial court erred in not submitting that question to the jury as asked by appellant and in directing a verdict for appellee.

Wherefore, the judgment is reversed and the cause remanded for a new trial consistent herewith.